ROBERT FLOYD COX v. STATE

No. 31,316. January 6, 1960
Motion for Rehearing Overruled March 9, 1960

134 

*Howard O. Lake, Ralph Chambers*, Houston, by *R. A. Richardson* (on the brief) Kountze, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr., Erwin G. Ernst*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant Robert Floyd Cox and his co-defendants, James Orval Martin, Marvin Avery Olson and Edward Nicholas Miller were jointly charged by indictment with the offense of extortion, and upon a severance being granted, appellant was separately tried and convicted and his punishment assessed at confinement in the penitentiary for 5 years.

The prosecution is under Art. 1268a. V.A.P.C. which provides in part that "whoever shall threaten to take the life of any human being or to inflict upon any human being any serious bodily injury*** for the purpose or with the view of extorting money or anything of value from the person threatened shall be guilty of a felony***."

The state's testimony shows that the prosecuting witness, George Lange, was manager of the Carroll Camera Company in the city of Houston. On the afternoon of February 20, 1958, at about 2 P.M., he received a telephone call at his place of business in which a male voice said "George, when are you going to get it here?" Upon his reply, "Get what here?", the person speaking said "You know what. Three thousand dollars. This is Cox" and in the conversation stated "You better get it here or I will kill you." Thereupon Lange enlisted the assistance of Bob Martin, the assistant manager of the store who proceeded to impersonate him and carry on the telephone conversation while Lange attempted to trace the call and contact the police. In the conversation more than one person talked to Martin and threats were made six times to kill him if he did not get the money. After the police had been contacted it was arranged in the telephone conversation which had continued with Martin that Lange would bring the money to Battlestein's a block away, and meet a man by the name of Roy Nelson who it was represented had curly hair and would be dressed in a blue suit. It was also agreed that Lange would carry the money in a package under his arm and would be wearing a top coat and would not wear a hat. Following the conversation Lange proceeded to

Battlestein's as directed with a package containing some movie films and after standing in front for some ten minutes a man came up, identified himself as "Roy" and grabbed for the package. Thereupon the man was arrested by Captain Waycott of the Houston Police and was identified as Marvin Avery Olson, one of appellant's co-defendants. Following his arrest, James Orval Martin, another co-defendant, was arrested in front of the store and the appellant was then arrested by the officers around the corner from the store where he was standing beside a Plymouth station wagon.

The evidence further shows that on February 18, 1958, the appellant and two of his co-defendants Marvin Olson and Edward Miller registered at the Vagabond Motor Hotel in the city of Houston and were assigned to room 114. The hotel records were introduced in evidence by the state which showed numerous telephone calls charged to the names of "Cox" and "Olson" in room 114. From the records it was shown that on February 20, 1958, six local calls were charged to the name of "Cox" in room 114 and that one of these calls was to the telephone number of the Carroll Camera Company. In his testimony the prosecuting witness stated that he was in fear of his life when he was threatened in the telephone conversation and that there was a similarity in the voices of the appellant and the man with whom he talked on the telephone.

As a witness in his own behalf appellant testified that on February 18, 1958, he registered at the Vagabond Motor Hotel with two of his co-defendants, Marvin Olson and Ed Miller. Appellant admitted that they were registered at the hotel on April 20, 1958, but denied that he or anyone in his presence at any time called the Carroll Camera Company. Appellant stated that on the occasion of his arrest he had gone to town with Olson and another co-defendant Martin for the purpose of buying a shirt for Olson.

The issue of appellant's guilt was submitted to the jury by the court upon a charge on the law of principals and circumstantial evidence.

We overrule appellant's contention that the evidence is insufficient to sustain the judgment of conviction.

Appellant also contends that the court erred in admitting in evidence, over his objection of hearsay, the hotel records showing the telephone calls charged to the names of "Cox"

and "Olson" in room 114 of the hotel. The records were identified by the general manager of the hotel as records made under his supervision by the telephone operator at the hotel in the daily course of business. Under his testimony, the records were sufficiently identified and were admissible in evidence under the provisions of Art. 3737e., Vernon's Ann. C. S. Jackson v. State, 159 Tex. Cr. R. 228, 262 S. W. 2d 499; Leonard v. State, 161 Tex. Cr. R. 470, 278 S. W. 2d 313; Trujillo v. State, 166 Tex. Cr. R. 405, 313 S. W. 2d 871; and McCarthy v. State, 167 Tex. Cr. R. 164, 319 S. W. 2d 338.

The judgment is affirmed.

Opinion Approved by the Court.

ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant re-urges error by the admission in evidence of the testimony of Manager Click of the motor hotel and also of the telephone slips on the ground that the telephone calls and the record of them as shown by said slips were not within his knowledge and were hearsay.

The witness Click testified that he was the co-owner and the manager of said motel; that in connection with the daily course of business, the switch-board telephone operator, who was under his supervision, made a record of each call at the time it was placed as a charge to the room. He further testified that room 114 was actually charged to the appellant, and the telephone slips showed that six local calls were made February 20 in the name of the appellant from room 114, one of which was to CA 8-6474 (Carroll Camera Company). The telephone slips showing said local calls were introduced in evidence and they corroborate the testimony of Manager Click.

A re-examination of the record in the light of appellant's contention does not show error. McCormick and Ray, Secs. 1253, n. 23, and 1261.

The motion for rehearing is overruled.

Opinion approved by the Court.