Wlllo CONERLY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40199.

Court of Criminal Appeals of Texas.

March 22, 1967.

No attorney on appeal.

Carol S. Vance, Dist. Atty., James C. Brough and Ray Montgomery, Asst. Dist.

Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

DICE, Judge.

The conviction is for robbery by assault; the punishment, fifteen years.

Trial was before a jury upon appellant's plea of not guilty. The jury found appellant guilty and the court assessed the punishment in his judgment rendered June 7, 1966.

Notice of appeal was given by appellant on July 8, 1966, when his motion for new trial was overruled and sentence was pronounced.

Appellant was represented at the trial by C. C. Divine, an attorney of the Harris County Bar.

On July 7, 1966, appellant filed his written request in the cause to proceed as a pauper and requested the court to appoint counsel for him on appeal. He also urged newly discovered evidence.

No action was taken by the court on the request, and the record reflects that appellant's counsel, C. C. Divine, continued to represent him.

The record on appeal, which was approved by the court and filed with the clerk, does not include a transcription of the court reporter's notes of the evidence adduced upon the trial.

No written designation of matter to be included in the record was filed by appellant, as authorized in Art. 40.09, Sec. 2, of the 1965 Vernon's Ann.Code of Criminal Procedure; however, copies of all instruments enumerated in Art. 40.09, Sec. 1, of the Code are included in the record.

On October 12, 1966, appellant's counsel, C. C. Divine, was notified by the clerk, by certified mail, of completion of the record on appeal, and on October 28, 1966, the trial court approved the record pursuant to Sec. 7 of Art. 40.09, supra, upon no objection having been filed thereto in writing. The record was thereupon filed with the clerk of the trial court.

On November 25, 1966, a motion for extension of time to file a statement of facts on appeal was filed in the cause by appellant, through his attorney, C. C. Divine.

On the same date, appellant filed his affidavit in the cause, stating that he was without funds with which to pay for a statement of facts and requesting the court to order the official court reporter to prepare a statement of facts to be filed as a part of the record on appeal.

No action appears to have been taken by the trial court on either the motion or the affidavit.

The preparation, approval, and filing of the record on appeal is governed by Art. 40.09 of the 1965 Code of Criminal Procedure.

Art. 40.09, Sec. 2, provides:

"Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given."

Art. 40.09, Sec. 3, provides, in part:

"The record may include a transcription of all or any part of the proceedings shown by notes of the report__to have occurred before, during or after the trial and same will constitute the statement of facts for the appeal. A transcription applicable to any proceeding occurring before or within a period of ninety days after notice of appeal shall be filed with the clerk for inclusion in the record not later than the end of such period. * * * The times herein provided for filing transcription of the notes of the reporter

may be extended by the court for good cause shown, and the court shall have the power, in term time or vacation, on application for good cause to extend for as many times as deemed necessary the time for preparation and filing of the transcription, and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law."

Art. 40.09, Sec. 5, provides, in part:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant——that he is unable to pay or give security therefor. * * *."

 Under the statute, it was appellant's responsibility to obtain a transcription of the court reporter's notes of the evidence adduced to be included in the record on appeal.

It was also incumbent upon appellant to either pay the reporter for the transcription or obtain an order from the court directing the reporter to make the transcription without cost to appellant upon a finding after hearing in response to appellant's affidavit that he was unable to pay or give security therefor.

Appellant's motion for extension of time to file a statement of facts and his affidavit of inability to pay for the same, filed after the record on appeal had been approved by the court—without objection, and filed with the clerk, came too late.

The facts presented do not require inclusion of a statement of facts in the record on appeal.

No brief has been filed by appellant with the clerk of the trial court, setting forth any grounds of error of which he desires to complain on appeal.

The proceedings appear to be regular.

The judgment is affirmed.