Shelby Camp EAST, Appellant,

v.

The STATE of Texas, Appellee.

No. 40480.

Court of Criminal Appeals of Texas.

June 28, 1967.

Rehearing Denied Oct. 4, 1967.

Second Rehearing Denied Nov. 22, 1967.

---

Albert Armendariz, Jesus B. Ochoa, Jr., El Paso, for appellant.

Barton Boling, Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five years.

■ Appellant's first ground of error is the exclusion by the court of certain testimony from Officer Alvarez. From counsel's statement to the court it appears that such was an oral declaration made by appellant thirty-five minutes after the homicide and while he was in custody. We are not called upon to pass upon the question of whether the statement was a part of res gestae, because nowhere in this record do we find what the witness would have testified to had he been permitted to testify. Counsel offered certain numbered pages from what was purported to be a statement of facts on a former trial, but the same were not made a part of this record on this appeal. Vistal v. State, Tex.Cr.App., 402 S.W.2d 195, and Johnson v. State, Tex.Cr.App., 379 S.W.2d 329, are authority for the rule that a bill of exception to the court's action in sustaining the State's objection to questions propounded to a witness without a showing of what the answer of the witness would have been, presents nothing for review.

■ Appellant's next ground of error relates to the admission of the testimony of Officer Althoff concerning a test conducted by him and his partner at appellant's home on the night following the homicide relative to the visibility and ability to recognize a person in an automobile where deceased had been found on the night preceding. Appellant clearly waived any objection he may have had to Officer Althoff's testimony when he permitted Officer Lattimer (Althoff's partner) to testify as to the same test and results without objection. Autry v. State, Tex.Cr.App., 264 S.W.2d 735, is authority for the rule that the admission of improper evidence is not error if the same facts are proven by other testimony not objected to.

■ Appellant's third ground of error is that the Court erred in failing to grant his motion for instructed verdict because the State had introduced what he contends was an exculpatory statement and had not discharged its burden of disproving the same. The statement in question was elicited without objection from Officer Fisher who arrived upon the scene and who went to the assistance of deceased while his partner went into appellant's house. He stated that he overheard appellant yelling in his house as follows: "He yelled something about he shot his wife; he thought she was stealing the car." We are met at the outset with a determination of whether such statement

was exculpatory. This Court has held that a statement is not exculpatory unless it exculpates. McGowan v. State, 159 Tex.Cr.R. 10, 259 S.W.2d 218, and Perez v. State, 160 Tex.Cr.R. 376, 271 S.W.2d 281. A literal interpretation of the words quoted above would clearly be that appellant knew that it was his wife and shot at her to prevent her from "stealing" the automobile. This would not be exculpatory.

■ While it is true that appellant offered in evidence the testimony of Edward Putty presumably given at a former trial where he testified that appellant's explanation was "He said that he thought she was a car thief", this Court has uniformly held that where the accused offers the statement, the State is under no obligation to disprove the same. Johnson v. State, 167 Tex.Cr.R. 162, 319 S.W.2d 397, and Marion v. State, Tex.Cr.App., 387 S.W.2d 56.

■ Appellant's ground of error #4 relates to the court's order refusing him permission to file additional record or transcript. Notice of appeal was given on May 27, 1966. The record before us contained no written designation of the matter to be included in the record as is required by Article 40.09, Sec. 2, Vernon's Ann.C.C.P. We do find, however, that on December 14, 1966, counsel for the State and appellant approved "the foregoing 466 pages" as "the complete record in this cause." Such record was approved by the court on December 16, 1966.

The record contains no copy of a motion which formed the basis of the court's order entered February 6, 1967, but the order itself refers to appellant's motion for extension of time to file brief and motion for permission to file additional transcript. Such order granted the first motion and denied the second.

Article 40.09, Sec. 2, provides:

"Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given."

Since counsel filed no designation of the matters he desired to be included within the record and since he approved the 466 page record on appeal on December 14, 1966, the court did not err in refusing him permission to file additional record thereafter. Conerly v. State, Tex.Cr.App., 412 S.W.2d 909.

Finding no reversible error, the judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR RE-HEARING

DICE, Judge.

Appellant insists that we erred in our original opinion in refusing to consider his ground of error #IV, in which he complained of the court's refusal to grant a new trial because of alleged jury misconduct.

He concedes that the records of the proceedings on the hearing of the motion were not included in the record on appeal, and requests this court to issue its writ of certiorari directing the trial court to complete the record on appeal by certifying such proceedings to this court.

In our original opinion we upheld the court's action in refusing appellant permission to file the additional record, because no written designation of the matter to be included therein had been made by appellant, as required by Art. 40.09, subd. 2, supra, and the record on file had been approved by him.

■ Under such facts we will not direct the trial court, by writ of certiorari, to do that which we correctly held on original submission he did not err in refusing to do.

Our conclusion in Clewis v. State, 415 S. W.2d 654, cited by appellant, to accept the belated entry and filing of a trial court's findings in passing upon the admission of a written confession under the decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, is not here applicable.

Remaining convinced that a correct disposition was made of the case on original submission, the motion for rehearing is overruled.