J. Loyd PARKER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42778.

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied Aug. 21, 1970.

---

Robert B. Billings, Dallas, for appellant.

Malcolm Dade, Special Prosecutor, Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 10 years.

This is the same appellant who was before this Court in a habeas corpus proceeding in Ex parte Parker, Tex.Cr.App., 370 S.W.2d 882. After the rendition of such opinion, appellant was committed to the State Hospital for the Mentally Ill at Rusk, Texas, and some six years later the authorities at Rusk found that he had regained his sanity. He was returned to Fort Worth where a jury found him sane and capable of assisting his counsel in his defense. This trial followed.

It is contended that the evidence is insufficient to sustain the conviction, and further that the testimony upon which the state relied for conviction was obviously weak and the record affirmatively reflects that there was testimony available to the state which would have thrown additional light on the facts, which the state did not introduce or satisfactorily account for its failure to do so, requiring this Court to treat the case as one evidencing a reasonable doubt as to the sufficiency of the evidence to support the conviction.

We had occasion to discuss his last contention in our recent case of Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305. With this two pronged attack in mind, we will discuss the evidence.

A long time Mexican American family retainer Morales, testified that on the morning of the homicide, while working as a gardener, he heard two guns shots from within the house and moments later appellant left the house buttoning his coat, entered his Cadillac, and drove away. As soon as he had left, Morales went to the window from which point he could see deceased lying prone on the kitchen floor. The police were summoned, entry into the house was forced, and it was discovered that deceased had been shot in the back three times. He died immediately. There were no other occupants of the house. The bullets taken from the deceased's body and one found outside were shown to be from a .38 caliber pistol which was either a Smith and Wesson or an I.N.A. weapon.

It was further shown that someone bought a .38 caliber Smith and Wesson pistol from a local store giving in payment therefor a check signed J. Loyd Parker, 69 Westover, Fort Worth, Texas. It was shown that appellant resided at such address, and the check was introduced in evidence.

Appellant did not testify or offer any evidence in his own behalf.

The above is a succinct summary of this voluminous record.

In argument, appellant contends that the state's failure to call an employee of the bank to identify the check, and the failure of the officers to take fingerprints at the scene brings this case within the rule discussed in Ramirez v. State, 163 Tex. Cr.R. 109, 289 S.W.2d 251, and later in Ysasaga v. State, supra. With this we do not agree. In each case, there were witnesses available to the state, who were not called, who could have shed light on a vital fact necessary to prove the state's

case. In the case at bar, Morales was shown to be the only person in the vicinity of the house at the time of the shooting, and no question was raised as to appellant's signature to the check in question, which was accepted for deposit at the bank. It was not incumbent upon the state to prove that ill will existed between the appellant and deceased, his father. It therefore follows that this is not a weak circumstantial evidence case in which the state was under the obligation of presenting witnesses who might have aided their case.

Appellant's third ground of error is that the Judge who sat at his trial had been counsel for the state. At most, it was shown that the Honorable J. E. Winters, who had been an assistant district attorney at the time of the commission of the offense, had authorized the excuse of certain jurors called for the week in this jury wheel county prior to the call of this case before the Honorable Byron Matthews who examined the jury as to their qualifications and actually tried the case. Though not cited, the nearest case to the one at bar is Taylor v. State, 81 Tex.Cr.R. 359, 195 S.W. 1147. There the judge determined the number of veniremen who should be called for Taylor's case alone. Here approximately 500 people were selected from the jury wheel to serve in all the courts during the week appellant was tried and the persons in charge of the central jury room, acting under the authority of Judge Winters, excused certain prospective jurors who had legal excuses. It therefore follows that Judge Winters did not "try the case" as is defined in the early case of Cock v. State, 8 Tex.App. 659.

It is next contended that the Honorable Fred Fick was disqualified from representing appellant under the terms of Article 2.08, Vernon's Ann.C.C.P., because he had been an Assistant District Attorney of Tarrant County at the time of the homicide. This question is raised for the first time on appeal. It was not shown that Fick had been "of counsel for the State" in appellant's case. At most, it was shown that Fick was present at one time when appellant was being questioned after his arrest and his name does appear as counsel for the state in the bond hearing before this Court in 1963. Had the state moved to disqualify Fick prior to trial as was done in King v. State, 104 Tex.Cr.R. 583, 286 S.W. 231, another question would have been presented.[1] Here Fick was employed to represent appellant, and no question as to his qualification was raised until after trial. Hence, it comes too late.

Appellant's application for credit for time served in the state hospital is not before us as it was not shown to have been presented to the trial court. See Article 46.02, Sec. 10, V.A.C.C.P. This is appellant's first conviction for this offense, and the rule set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, has no application.

Appellant next contends that the court erred in failing to permit him to qualify the jury on the question of whether or not they should grant probation in the event of conviction. The record reflects that the jury had been qualified for service before any application was filed.

The next contention of appellant is that the court erred in declining to dismiss his employed attorney. This question arose as follows. On May 9, 1969, a hearing was had on various motions filed by defendant, and at such hearing appellant voiced no objection to the counsel who had been retained to represent him. On May 19, 1969, another hearing was had, and no objection was raised. On the day this case was set for trial and well into a hearing on a motion to quash the panel at 2:00 p. m., appellant for the first time made it known that he was dissatisfied with his two retained attorneys. All pro-

---

1. Cf. Muro v. State, Tex.Cr.App., 387 S.W.2d 674, and Murphy v. State, Tex.Cr.App., 424 S.W.2d 231.

ceeding were called to a halt, and the careful trial court made inquiry of appellant as to his reasons for dissatisfaction. Appellant stated that he did not want an application for probation or a motion to have the jury assess punishment filed in his behalf. For these reasons only he was dissatisfied with his two attorneys.[2] In Brown v. State, Tex.Cr.App., 453 S.W.2d 171, we held that the trial court did not err in declining to discharge an attorney because of an alleged conflict between counsel and appellant.

It was shown that attorney Fick had been involved with the case since February, and attorney Alexander had been active in appellant's behalf since the first week in April. Appellant made known his dissatisfaction for the first time to anyone only after the examination of the jury panel. We know of no case which would authorize an accused to halt a trial upon such flimsy pretext. Henderson v. State, 137 Tex.Cr.R. 18, 127 S.W.2d 902, upon which appellant relies, merely holds that an accused should be afforded ample time to consult with counsel prior to trial. This can have no application here as appellant had appeared at least twice in court with counsel, and waited until the jury were ready to be selected before making known to the court the fact that he wanted Percy Foreman to represent him rather than his two lawyers, whom the court found to be competent. The court further made it known to appellant that he would hear him personally in the absence of the jury if he felt that he was not being properly represented. At no time thereafter did appellant make any complaint as to his representation. Both counsel have appeared before this Court repeatedly through the years, and we express no doubts as to their competency.

■ Appellant contends that the court erred in admitting in evidence the check which was given for the purchase of the pistol, and the sales slip which reflected the sale, on the grounds that the salesman Lee was unable to identify appellant as the person who made the purchase. These items were admissible under the holding of this Court in Cox v. State, 169 Tex.Cr.R. 133, 333 S.W.2d 377. It is clearly shown that the existence of this evidence was not made known to the police through any questioning of appellant.

■ Appellant's motion to quash the jury panel for the week is twofold. He first complains that on the panel were prospective jurors who had been called for the previous weeks, and whose service had been postponed. This was eliminated when the careful trial judge excused all such jurors and saw to it that appellant's panel was selected from the panel actually selected for the week. His second complaint relates to those who had been excused. This is readily answered by reference to the following statement from Welch v. State, Tex.Cr.App., 373 S.W.2d 497, 501: "Had counsel desired to question her (the excused juror) being excused he should have sought process to require her to re-appear." No such effort was made in the case at bar.

Appellant's grounds of error in which he complains of argument, and which authorities do not support may be grouped as follows: on three occasions the objection was sustained and no further ruling was requested, Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716; on one occasion no objection was made, Hughes v. State, Tex. Cr.App., 433 S.W.2d 698; and two were in answer to argument made by appellant's attorney, McGowan v. State, 159 Tex.Cr. R. 10, 259 S.W.2d 218.

The remainder of appellant's contentions have been considered and are found to be without merit. What occurred during the

---

2. See United States v. Cozzi, 7 Cir., 354 F.2d 637; United States v. Bentvena, 2 Cir., 319 F.2d 916; United States v. Llanes, 2 Cir., 374 F.2d 712; and Estrada v. State, Tex.Cr.App., 406 S.W.2d 448, where it was held that a defendant cannot use his right to counsel to manipulate and obstruct justice.

hearing on the motion for new trial could not have any weight in passing upon this appeal unless it reflects something that occurred or did not occur at the trial.

The judgment is affirmed.

DOUGLAS, J., not participating.