Bessie Ann **GOODINGS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46570.

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Rehearing Denied Oct. 24, 1973.

C. Gordon Metcalf (On appeal only), Temple, for appellant.

Stanley Kacir, Dist. Atty. and Jerry Secrest, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

KEITH, Commissioner.

Appellant was convicted of selling a dangerous drug, barbituric acid derivative, and the jury assessed her punishment at confinement for a period of five years.

Appellant's brief contains three grounds of error, the first two complaining of the admission of evidence at the guilt-innocence stage of the trial while the third complains of the refusal of a motion for mistrial because of the erroneous admission of testimony. It is obvious that a transcription of the court reporter's notes, certified in accordance with the statute and properly included in the record, is essential to a determination of the grounds brought forward.

The State asserts it "is unable to answer Appellant's allegations as no Statement of Facts has been requested by the Appellant or prepared by the Court Reporter" and prays for a dismissal of the appeal. At all stages of the trial and appeal, appellant has been represented by retained counsel and the transcript does not contain a pauper's affidavit entitling her to a statement of facts at the cost of the county.

In order to place our problem in proper perspective, we deem it advisable to set out some of the significant matters appearing in our appellate record.

Appellant's motion for new trial was overruled on June 6, 1972, and appellant was duly sentenced, the order advising her of her right to give notice of appeal. Notice of appeal was duly filed on June 12, and the request for a transcript was filed with the clerk on July 20. On the same day, July 20, counsel mailed a request to the court reporter to prepare a complete statement of facts for inclusion in the record, the original being filed with the clerk upon the same date. Still, on the same date, the court reporter filed his reply to appellant's request for a statement

of facts, stating that he "refuses to comply with defendant's request for a statement of facts in the above cause because no provision has been made for the payment of fees for said record." No further action appears of record in connection with this request for, and a refusal to furnish, the statement of facts.

In compliance with Art. 40.09, § 7, Vernon's Ann.C.C.P., the district clerk notified counsel that the record was complete on August 9, 1972, such notice having been received by appellant's retained counsel on August 11, 1972. Counsel, by an undated instrument found in the record, agreed that the transcript could be filed and immediately thereafter, in an undated instrument, the trial judge approved the record prepared by the clerk (which did not contain the court reporter's transcript of the testimony) "as truly reflecting all matters and things had and done in said cause." The clerk's transcript bears a file mark of August 24, 1972, although we find therein an instrument dated September 29, extending until November 1, 1972, the time within which appellant's brief could be filed.

Appellant's brief, filed November 1, makes no reference to the court reporter's transcript of the evidence as required by Art. 40.09, § 9, V.A.C.C.P., although each of the three grounds of error contained therein refers to testimony received at the trial. The State's reply brief was filed on November 28.

There appears in our record an instrument designated "Statement of Facts" which bears the district clerk's file mark of December 15, 1972; but, except for the signature of the deputy clerk on the file mark, there are no other signatures thereon or therein. No human—court reporter, lawyer, judge, clerk, or other official—certifies that such document reflects the testimony heard or the events which transpired at the trial of this appellant. Further, this instrument is designated "copy" and an examination thereof reveals such to be true, but we are not informed that there is an original in existence which bears an approval of counsel or of the court.

No transcription of the evidence was filed within ninety days after the giving of the notice of appeal nor was an extension of time for the filing thereof requested or granted. Art. 40.09, § 3, V.A. C.C.P. It was appellant's responsibility, under the statute, to obtain a transcription of the court reporter's notes of the evidence adduced to be included in the record on appeal. Conerly v. State, 412 S.W.2d 909, 911 (Tex.Cr.App.1967). The unsigned instrument filed on December 15, long after all briefs had been filed and after the record had been closed, came too late. Conerly v. State, supra. Thus, the only record we have before us is that prepared by the district clerk.

Unlike the situation confronting the court in McKinney v. State, 477 S.W.2d 295 (Tex.Cr.App.1972), we have a record which was approved by the trial court and appellant's brief was timely filed in accordance with the statute. However, this record contains no transcript of the court reporter's notes; and, no part of the record properly before us enables us to review the contentions found in appellant's brief.

Having examined the record prepared in accordance with the statute and finding no error apparent on the face thereof, the judgment of the trial court is

Affirmed.

Opinion approved by the Court.