

|  |  |  |
|---|---|---|
| JAMES PATRICK ALLEN, JR., | § | No. 08-19-00175-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 244th District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | Of Ector County, Texas |
|  | § |  |
| Appellee. | § | (TC# C-16-0821-CR) |
|  | § |  |

## O P I N I O N

Appellant, James Patrick Allen, Jr., appeals the trial court's conviction and sentence of third-degree felony for possession of cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b). Appellant argues the trial court erred in allowing Attorney John. F. Shrode ("Shrode") to represent Appellant at the Motion to Adjudicate Guilt hearing when he was disqualified to do so under Article 2.08 of Texas Code of Criminal Procedure.

### BACKGROUND

#### *Factual Background*

Appellant was charged by indictment for third-degree felony possession of cocaine and plead guilty. The trial court deferred Appellant's adjudication of guilt and placed Appellant on community supervision for a period of five years. Assistant District Attorney Shrode represented the State for Appellant's original placement on deferred adjudication, and Shrode also filed a motion to adjudicate in May 2017, which was eventually was dismissed September 7, 2017.

A second motion to adjudicate was filed in October 2018 and amended December 2018 by another assistant district attorney.[1] On March 21, 2019, at the adjudication hearing, Appellant was represented by Attorney Justin Low ("Low") during the presentation of the parties case-in-chief. Before recessing, Low asked the court if his associate, Shrode, could appear as Appellant's counsel. The exchange is as follows:

Low:    Your Honor, before you leave, could I approach real quick?

The Court:    You may.

Low:    Would you mind if [Shrode] stood in? He's here with me. He's been here the whole time. If my client okayed it, to stand in for your verdict so I can go to the doctor because I have an appointment. This is only getting worse. I'm getting to where I can't hear myself now.

The Court:    That's fine. Talk to Mr. Allen and explain it to him.

Low:    Mr. Allen, would it be okay if my associate here stands in when the judge comes back and reads his -- what he's going to do? He's making his decision. That's already done. Would you be okay with him standing in for me?

Appellant:    Sure.

The Court:    Okay.

Low:    Do you mind, [Shrode]?

Shrode:    Not at all.

The Court:    All right. We'll be in recess, then.

Following recess, the court asked Shrode if there was anything further before it announced its findings. Shrode requested, assuming the court sentenced confinement, Appellant be granted a few days to say goodbye to his children. The court announced its findings and rendered its verdict and sentence.

---

[1] The State alleged Appellant violated the terms of his community supervision for committing a new offense of Evading Arrest, failing to submit to and complete drug counseling and treatment, and failing to attend various Alcoholics Anonymous/Narcotics Anonymous meetings as directed. Appellant pled not true to these allegations.

### *Procedural Background*

The trial court deferred Appellant's adjudication of guilt for the third-degree felony offense of possession of cocaine and placed Appellant on community supervision for a period of five years. Over the period of community supervision, the State filed a motion to adjudicate guilt, and subsequently amended its motion. Shrode did not sign or represent the State pursuant to the first amended motion to adjudicate, which is the adjudication proceeding made subject of this appeal. The court found the allegations of Appellant's community supervision violations to be true and adjudicated Appellant guilty of the third-degree felony offense of possession of cocaine. Appellant was sentenced to six years confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Appellant asserts the trial court erred in allowing Shrode to represent Appellant at the Motion to Adjudicate Guilt hearing because he was disqualified to represent Appellant under Article 2.08 of Texas Code of Criminal Procedure. We disagree.

### *Standard of Review & Applicable Law*

Article 2.08(a) of the Texas Code of Criminal Procedure states: "District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State." TEX.CODE CRIM.PROC.ANN. art. 2.08(a). Article 2.08 essentially disqualifies former prosecuting attorneys from switching sides in cases where they have served as counsel for the state. *Holland v. State*, 729 S.W.2d 366, 368 (Tex.App.—Beaumont 1987, no pet.).

Before an appellate court may address an issue on appeal, the error must have been

3

preserved in the trial court. *Morris v. State*, 554 S.W.3d 98, 113 (Tex.App.—El Paso 2018, pet. ref'd); *see also Ford v. State*, 305 S.W.3d 530, 532 (Tex.Crim.App. 2009)("Preservation of error is a systematic requirement on appeal."). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford*, 305 S.W.3d at 532. When a request for disqualification of counsel is not raised until after trial, it comes too late. *Parker v. State*, 457 S.W.2d 638, 640 (Tex.Crim.App. 1970).

Texas Rule of Appellate Procedure 33.1 governs the form and procedure of trial court objections and preservation of error. *Morris*, 554 S.W.3d at 114 (*citing* TEX.R.APP.P. 33.1). To preserve error for appeal, the complaining party must inform the trial court judge what he wants and why he thinks he is entitled to it and must do so clearly enough for the judge to understand and at a time when the trial court is in a position to address the issue. *Bekendam v. State*, 441 S.W.3d 295, 299-300 (Tex.Crim.App. 2014)(*citing* TEX.R.APP.P. 33.1). Rule 33.1 requires the complaining party to lodge an objection and obtain a ruling, either explicit or implicit, as a prerequisite to appellate review. *Morris*, 554 S.W.3d at 113. The rationale for this requirement is to afford "the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." *Bekendam*, 441 S.W.3d at 299.

However, Rule 33.1 does not apply to all errors in criminal cases. *Morris*, 554 S.W.3d at 114. In *Marin v. State*, the Texas Court of Criminal Appeals identified three categories of rights relevant to an appellate court's preservation analysis: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." 851 S.W.2d 275, 279 (Tex.Crim.App. 1993). Although criminal litigants have certain legal rights at trial, those rights do not automatically entitle him to appeal the wrongful denial of said rights. *Marin*, 851 S.W.2d at

4

278. The Texas Court of Criminal Appeals has made clear that the Texas law of procedural default only applies to the aforementioned last category of rights—*Marin* Category 3 rights. *Morris*, 554 S.W.3d at 114. In other words, a trial-level objection as the prerequisite to appellate review is only required in cases that involve *Marin* Category 3 rights. *Id*. *Marin* Category 1 and Category 2 errors may be addressed on appeal irrespective of whether a trial-level objection is made. *Id.*

While reaffirming *Marin*'s categorical approach of error preservation, the Texas Court of Criminal Appeals has also rejected a harm-based theory of error preservation, "finding that the issue of whether trial court preservation is a prerequisite to appellate review hinges on the type of error presented, not on how much harm the error caused." *Id.*, *(citing Proenza v. State*, 541 S.W.3d 786, 795-797 (Tex.Crim.App. 2017). Even trial errors amounting to egregious harm can be waived if they involve so-called "forfeitable rights" under the *Marin* framework. *Morris*, 554 S.W.3d at 114.

### *Analysis*

On appeal, Appellant asserts the trial court erred in allowing Shrode to represent Appellant given his alleged disqualification under Article 2.08 of Texas Code of Criminal Procedure. The question that controls here is whether the error Appellant alleges falls into Category 3 under *Marin*; if so, a trial-level objection and ruling were required under Rule 33.1, and we need not reach the merits of the unpreserved issue. *See Morris*, 554 S.W.3d at 114.

The error Appellant complains of falls into Category 3 under *Marin*. *See Parker v. State*, 457 S.W.2d 638, 640 (Tex.Crim.App. 1970). In *Parker*, Appellant asserted counsel was disqualified from representing him under the terms of Article 2.08. *Id.* at 640. The Texas Court of Criminal Appeals held counsel "was employed to represent appellant, and no question as to his qualification was raised until after trial. Hence, it comes too late." *Id*. Likewise, pursuant to Rule

5

33.1, Appellant was required to object under the terms of Article 2.08 and obtain a ruling from the trial court as a prerequisite to appellate review. *Morris*, 554 S.W.3d at 113. Appellant failed to comply with Rule 33.1 by not objecting to Shrode's representation at trial. In fact, it was Appellant's counsel who requested Shrode represent Appellant, and Appellant himself approved of the representation before the trial court. Appellant brings this objection for the first time on appeal. Accordingly, we need not reach the merits of Appellant's unpreserved issue.

The State argues it is unreasonable for Appellant to assert to an unobjected-to, *de minimis* statutory violation that *trial counsel induced* and expect a reversal. We agree. Furthermore, it is worth noting, given the fact Shrode only participated in the trial court's announcement of its verdict, requested the judge grant Appellant time to see his children and participated in the calculation of time served, we fail to see how his representation adversely affected Appellant. Appellant also fails to show how Shrode's representation adversely affected him.

Appellant has cited to no authority, nor are we aware of any, that would overcome the lack of a proper trial-level objection as the prerequisite to appellate review. Because Appellant failed to preserve error on his sole issue on appeal, we do not reach the merits of Appellant's arguments, and we affirm the judgment of the trial court as modified.

## CONCLUSION

The judgment erroneously reflects that Appellant entered a plea of true to the State's motion to proceed with adjudication of guilt, but the record of the hearing shows that Appellant actually entered a plea of "not true." Accordingly, we reform the judgment to reflect that Appellant entered a plea of "not true" and affirm the judgment as so modified. For these reasons, we affirm as modified.

February 1, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)