642 S.W.2d 194 (1982)
Sandra Gayle WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. A14-81-526-CR.
Court of Appeals of Texas, Houston (14th Dist.).
May 13, 1982.
Rehearing Denied June 17, 1982.
Mike DeGeurin, Houston, for appellant.
Patricia Saum, Houston, for appellee.
Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.
J. CURTISS BROWN, Chief Justice.
This is an appeal from a conviction of murder. The primary question presented is whether a new trial should have been granted on the basis of the availability of an absent witness who was thought to be *195 dead at the time of the trial. Subsequently, it was learned that she was alive, although she had been beaten by friends of the deceased in order to persuade her not to come forward and testify. We reverse and remand for a new trial.
At approximately 1:20 a.m. on May 3, 1981, several prostitutes were "working the streets" at a location on Dowling Street in Houston. Casandra Deary (Deary or deceased) and Sandra Gayle Washington (Washington or appellant) began arguing over some money. An altercation ensued that left Deary with a fatal stab wound to the neck.
Washington was indicted for murder under Tex.Penal Code Ann. § 19.02 (Vernon 1974). She was tried by a jury and convicted. Punishment was assessed by the jury at 75 years confinement in the Texas Department of Corrections. Appeal was perfected to this Court upon three grounds of error. The first two complain of ineffective assistance of counsel and the third complains of the failure of the trial court to grant a new trial based on the availability of a witness who was not called to testify because she was believed to be dead.
Jocelyn Brown, a prostitute who witnessed the fight, testified that Washington and Deary were arguing over money when Washington pulled a knife from her back pocket. Deary then picked up a wooden stool upon which she was sitting and began to swing it at Washington. In return Washington inflicted several knife wounds, the last of which was to the neck. Ann Lewis, another prostitute who witnessed the fight, testified that Washington drew her knife and cut Deary on the arm during the course of the argument. Deary then began swinging the stool. On cross-examination Lewis was questioned about a statement she made to the police in which she indicated Deary began swinging the stool before Washington began to stab at her. She further admitted that Deary was her best friend and that she was not paying much attention to the fight because she was trying to stop cars.
Washington took the stand and testified she began arguing with Deary that night over the proceeds from the sale of a rifle they had stolen together. Deary was "loaded," and during the argument reached behind her as if she was going for a weapon. Washington pushed her off the stool and heard something fall. Washington then drew her knife. Deary struck Washington with the stool and her response was to strike back with her knife. She characterized her actions as self-defensive.
The medical examiner testified that the cause of death was a stab wound to the neck. He characterized a stab wound to the arm as being, in his opinion, a defensive wound. He also testified that there was no evidence of drugs or alcohol in Deary's body.
The testimony indicated there was another witness to the incident, Gayle Bradley (Bradley). Appellant's original court-appointed counsel had filed a motion requesting an investigator. One was appointed, and on the basis of his investigation appellant's trial counsel was informed that Bradley had died as a result of a beating by friends of the deceased. This information was passed on to appellant's retained trial counsel when he took over the case. After appellant was convicted, her appellate counsel discovered Bradley was alive. A motion for new trial was filed pursuant to Tex. Code Crim.Pro.Ann. art. 40.03(5) (Vernon 1979), which provides as follows:
New trials, in cases of felony, shall be granted the defendant for the following causes and no other:
* * * * * *
(5) Where any material witness of the defendant has, by force, threats or fraud, been prevented from attending the court, ....
Attached to the motion was an affidavit of Bradley. In the affidavit she swore that she witnessed the fight between Washington and Deary, that they were both intoxicated on alcohol and drugs, and that Washington was acting in self-defense when she inflicted the knife wounds. She also swore that she had been severely beaten *196 by friends of the deceased and was afraid to testify. After the beating she knew some people thought she was dead. Finally, she stated that she would make herself available as a witness in a new trial. The motion for new trial was overruled.
Appellant complains of this action of the trial court in her third ground of error which we will deal with initially. While we have been able to find no case by the Court of Criminal Appeals explicitly formulating a test under the above quoted part of Article 40.03 of the Code of Criminal Procedure, we are of the opinion that in order to obtain a new trial thereunder, the following elements must be shown:
1. Force, threats or fraud that prevented a witness from being discovered or making an appearance; despite
2. Diligence on the part of counsel in discovering the absent witness and what his testimony would be or in attempting to have a known witness appear in court, see Mitchell v. State, 494 S.W.2d 865 (Tex.Cr.App.1973);
3. Materiality of the witness' testimony;
4. Competency of the testimony and that it is not merely cumulative, corroborative, collateral or impeaching, See Honea v. State, 585 S.W.2d 681 (Tex.Cr.App. 1979).
In the case before us we cannot fault appellant for lack of diligence. The incident was investigated and the resulting information showed Bradley to be dead. It is also clear that the reason this information was given to the investigator was because of force used against Bradley to convince her to remain unavailable as a witness. The remaining questions concern the testimony itself.
It is unquestioned that Bradley witnessed the altercation. Although her testimony in that respect may be corroborative of appellant's story, she was an independent witness whose evidence tended to establish self-defense on the part of appellant. Furthermore, her testimony concerning the threats made and carried out against her in an attempt to make her testimony unavailable to the court is beyond appellant's testimony and personal knowledge. We thus hold Bradley's testimony would not be merely cumulative or corroborative as the State suggests. Carlisle v. State, 549 S.W.2d 698 (Tex.Cr.App.1977).
We are aware of the authority concerning materiality of newly discovered evidence under Tex.Code Crim.Pro.Ann. art. 40.03(6) (Vernon 1979), which we feel is equally applicable here. New evidence must be shown to be probably true and of such weight as to probably produce a different result at another trial. Hernandez v. State, 507 S.W.2d 209 (Tex.Cr.App.1974); Van Byrd v. State, 605 S.W.2d 265 (Tex.Cr. App.1980). This question is a determination for the trial court which will only be reversed upon a showing that such discretion was abused. Eddlemon v. State, 591 S.W.2d 847 (Tex.Cr.App.1979). The State notes the fact that Bradley's affidavit apparently contradicts the testimony of the medical examiner concerning the intoxication of the deceased in order to show lack of probable truth. However, as appellant's counsel explained in oral argument, the deceased was transported to the hospital bleeding profusely from a deep stab wound to the neck. She was at the hospital several hours before she was pronounced dead. During this time she received many transfusions. Under these circumstances, the fact that the autopsy revealed no evidence of drugs or alcohol in the blood would not be conclusive concerning the condition of the deceased at the time of the incident. On the contrary, we note corroboration from other sources of two important facts in Bradley's affidavit. First, several of the witnesses testified that Bradley did indeed see the fight. Secondly, the investigator's report corroborated her statements that she was beaten by friends of the deceased and thought to be dead. We are thus convinced that her testimony would have sufficient probability of truth to warrant a new trial. Finally, Bradley's testimony which, according to her affidavit, will support appellant's version of the incident and, additionally, may cast doubt on the veracity of the testimony of the State's witnesses due to the *197 threats made against her, would probably produce a different result at another trial. We hold the action of the trial court in overruling the motion for new trial amounted to an abuse of discretion. Appellant's third ground of error is sustained.
In view of this holding it is not necessary for us to address the contentions of appellant concerning ineffective assistance of counsel.
The judgment of the trial court is reversed and the cause is remanded for a new trial.