NO. 07-02-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 26, 2003

_____

GUADALUPE C. MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4432; HONORABLE KELLY G. MOORE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION

Guadalupe Mendoza appeals from his conviction for driving while intoxicated, enhanced by two prior DWI convictions and two separate felony convictions. He urges error by the trial court's actions in: (1) admitting opinion testimony of the arresting officer based on the results of field sobriety tests; and (2) failing to grant a mistrial because the

prosecuting attorney had represented appellant in a prior matter which was one of the felony convictions alleged for enhancement purposes. We affirm.

BACKGROUND

On December 26, 1998, at approximately 9:00 p.m., Brownfield, Texas, police officer Allen McClure observed a vehicle weaving from lane-to-lane on a street in the city of Brownfield. McClure turned his headlights to flashing and illuminated the flashing red and blue emergency lights on the top of his police car. The weaving vehicle did not stop, but continued driving astride the yellow dividing line down the middle of the four-lane street. McClure began using the air horn on his vehicle in an attempt to have the driver of the weaving vehicle stop. Eventually the vehicle being pursued stopped astride the yellow line in the middle of the street. McClure testified that upon approaching the driver's side of the vehicle he noticed the strong odor of alcohol, that appellant's eyes were red and watery, and that appellant was slurring his words. Appellant's assertion both at the scene and at trial was that earlier in the evening he drank two beers.

McClure had appellant exit the vehicle and two field sobriety tests were conducted. During the time appellant was performing the field sobriety tests, Brownfield police officer Jerry Hernandez arrived on the scene and observed appellant and his performance of the sobriety tests.

McClure arrested appellant for driving while intoxicated. Appellant was indicted for driving while intoxicated "by not having the normal use of mental or physical faculties by

2

reason of the introduction of alcohol into the body," enhanced by two prior DWI convictions and two additional prior felonies. See TEX. PEN. CODE ANN. §§ 49.04, 49.09(b), 12. 42(d) (Vernon 2003).

The trial was non-jury. At trial, both McClure and Hernandez opined that based on their observations of appellant, their prior experience with intoxicated persons, and their training and experience, appellant was intoxicated. Appellant testified at trial. Appellant denied that he was intoxicated as the State alleged, although he admitted that he was not his normal self. Appellant stipulated to the truth of the prior DWI allegations in the indictment as well as the two prior non-DWI felonies.

Appellant was convicted and sentenced to 35 years incarceration. He urges two issues on appeal.

ISSUE ONE: ADMISSION OF OPINION TESTIMONY
OF POLICE OFFICER AS TO INTOXICATION

During his direct examination by the State, McClure was asked what field sobriety tests he asked appellant to perform once appellant stopped and exited his vehicle. Appellant objected

> . . . to any testimony that [McClure] may give concerning the so-called standard field sobriety testing without any evidence being introduced that this officer has been certified under the National Highway Traffic Safety Administration as being trained in the standard field sobriety tests.

3

The objection was overruled. McClure then testified that as part of his training he had been trained in field sobrieties and was certified as an intoxilizer operator. McClure then described appellant's attempts to do tests described as "walk and turn" and "one-legged stand" tests. When McClure was asked his opinion as to whether appellant was under the influence of alcohol to the extent he did not have the normal use of his mental or physical faculties, appellant again objected. The objection was that McClure had not been shown to have qualifications to offer an opinion on the matter, that McClure had not been certified by the NHTSA in the standard field sobriety class and that only two of the four recommended field sobriety tests were administered.[1] The objection was overruled and McClure testified that in his opinion, appellant was under the influence of alcohol.

Subsequently, McClure was asked by the prosecutor if, during his service as a police officer, he had seen what he felt like were "hundreds" of people who were intoxicated. Appellant's objection to the question as leading was overruled. The prosecutor then asked if, in McClure's opinion, based on his observations of and the driving of appellant, it was McClure's opinion that appellant was intoxicated. Appellant's objection to the question was "I renew my objection," which was overruled. McClure responded "Yes, sir." On re-direct examination McClure was asked if it he felt that appellant was intoxicated, to which McClure responded, without objection, "Yes, sir."

---

[1] On cross-examination McClure agreed that at the time of appellant's arrest, McClure had not taken classes in the Standardized Field Sobriety Tests (SFST), he did not administer the three standardized tests to appellant, and that the Brownfield PD did not then require SFST.

4

Appellant refers to Emerson v. State, 880 S.W.2d 759 (Tex.Crim.App. 1994), and Wisdom v. State, 39 S.W.3d 320 (Tex.App--Waco 2001, no pet.), for his assertion that only a certified officer who has administered the full set of standardized field sobriety tests may offer opinion testimony as to the result of field sobriety tests. The State asserts that Emerson and Wisdom are not applicable to this matter in which the blood alcohol level of appellant was not the basis of the indictment or testimony. See Brooks v. State, 921 S.W.2d 875, 879 (Tex.App.–Houston [14th Dist.] 1996, aff'd, 990 S.W.2d 2778 (Tex.Crim.App. 1999)).

We do not consider the applicability of the cited cases. Nor need we consider whether appellant's trial objections comport with the issue urged on appeal sufficiently to have preserved error. For, an error in admission of evidence is cured where the same evidence comes in elsewhere without objection. See Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984). With two exceptions, a party must object each time inadmissible evidence is offered. The first exception is a "continuous" or "running" objection. Such an objection will preserve error for review so long as TEX. R. APP. P. 33.1 (and, thereby, TEX. R. EVID. 103)[2] is complied with. See Ethington v. State, 819 S.W.2d 854, 858-59 (Tex.Crim.App. 1991); Sattiewhite v. State, 786 S.W.2d 271, 283-84 n.4 (Tex.Crim.App. 1989). The second exception is when the trial court hears objections to evidence offered outside the presence of the jury and rules that such evidence be admitted. Then such objections will be deemed to apply to that evidence when it is

---

[2]Further reference to a rule of evidence shall be by reference to "TRE ____."

5

admitted before the jury without the necessity of repeating those objections. TRE 103(a)(1); see Ethington, 819 S.W.2d at 859.

Appellant did not request and was not granted a running objection. Neither exception to the requirement that he object each time the allegedly inadmissible evidence was offered is applicable. And, he did not object each time McClure's opinion was offered and given. Assuming, without deciding, that McClure's opinion as to appellant's intoxication was inadmissible, appellant did not preserve error as to McClure's opinion. See Hudson, 675 S.W.2d at 511.

Appellant also references an opinion offered by Hernandez in his issue as formulated by his appellate brief. He neither briefs nor offers record references to the opinion of Hernandez in the body of his brief, however. Any contention as to Hernandez' testimony is waived. See Alvarado v. State, 912 S.W.2d 199, 210 (Tex.Crim.App. 1995); Billy v. State, 77 S.W.3d 427, 429 (Tex.App.--Dallas 2002, pet. ref'd).

Issue one is overruled.

ISSUE TWO: FAILURE TO GRANT MISTRIAL BECAUSE
PROSECUTOR REPRESENTED APPELLANT IN PRIOR
MATTER USED FOR ENHANCEMENT

The indictment of appellant alleged, as a prior felony for enhancement, that in 1975 he had been convicted of involuntary manslaughter. Appellant and the State entered into a written stipulation of evidence prior to trial wherein appellant admitted the truth of the

6

enhancement allegation. The stipulation was approved by the court. At the beginning of the punishment phase of trial the State offered the judgment of conviction. Appellant made no objection. He did, however, move for a mistrial and request that a special prosecutor be appointed on the basis that the district attorney, who was prosecuting the case, had represented appellant in the 1975 case. In making the motion for mistrial, appellant did not specify a basis on which the motion was made, nor did he offer any evidence. The motion was denied.

On appeal appellant cites TRE 503(b)(2), Holland v. State, 729 S.W.2d 366 (Tex.App.--Beaumont 1987, no pet.), and the concurring and dissenting opinion by Judge Baird in House v. State, 947 S.W.2d 251 (Tex.Crim.App. 1997). He also mentions his right to effective assistance of counsel pursuant to the Sixth Amendment of the federal constitution.

Appellant, by failing to advise the trial court of the basis for his objection has not preserved error. For example, although he urges on appeal that TRE 503(b)(2) might have implications, he did not object on such basis in the trial court, nor did he claim or offer proof that the prosecutor's participation in the trial resulted in disclosure of facts which came to the knowledge of the prosecutor through the prior attorney-client relationship. Nor did appellant advise the trial judge that he was objecting on the basis the prosecutor had a conflict of interest, See Holland, 729 S.W.2d at 368, or on due process grounds embodied in the United States and Texas Constitutions. See Ex parte Spain, 589 S.W.2d 132, 134 (Tex.Crim.App. 1979).

7

We do not imply that any of the foregoing objections would have been valid. We mention them only to demonstrate the general nature of appellant's motion for mistrial and its failure to advise the trial court of appellant's specific complaint. See TEX. R. APP. P. 33.1(a)(1)(A).

Appellant's argument that his federal Sixth Amendment right to effective assistance of counsel is implicated by the prosecutor's having previously served as his counsel is not supported by citation to authority nor is an explanation presented for the lack of citation. Appellants may make arguments for which there is no authority directly on point. However, in making such arguments, appellants must ground their contentions in analogous case law or provide a relevant jurisprudential framework for evaluating the claim. See Tong v. State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000). That portion of his issue is waived.

Moreover, the general federal constitutional rule is that a defendant claiming ineffective assistance of counsel must affirmatively prove prejudice. See Mitchell v. State, 989 S.W.2d 747, 748 (Tex.Crim.App. 1999). The only exceptions to this general rule are "actual or constructive denial of the assistance of counsel altogether," various kinds of "state interference" which adversely affects counsel's assistance, and when counsel "is burdened by an actual conflict of interest" which adversely affects counsel's performance. In these circumstances no affirmative proof of prejudice is required because prejudice is irrefutably presumed. Id.

Appellant does not present a record from which prejudice is presumed in regard to an alleged ineffective assistance of his counsel in the present case. Nor does the record support a conclusion that he suffered prejudice from ineffective assistance of counsel because of the prosecutor's having previously represented him. Issue two is overruled.

CONCLUSION

Having overruled appellant's two issues, we affirm the judgment of the trial court.

Phil Johnson
Chief Justice

Campbell, J., concurs.

Do not publish.

NO. 07-02-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 26, 2003

_____

GUADALUPE C. MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4432; HONORABLE KELLY G. MOORE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION

I do not read the court's opinion as indicating approval of a prosecuting attorney's active participation in the prosecution of his former client. It seems to me that such a practice almost invariably raises at least the appearance of a conflict of interest and is to be discouraged. That said, I join in the court's opinion.

James T. Campbell

Do not publish. Justice