NO. 07-04-0039-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 30, 2004



______________________________




FIRST UNITED BANK, DIMMITT, TEXAS, INDIVIDUALLY AND AS 


SUCCESSOR TO SHADOW HILLS NATIONAL BANK, APPELLANT



V.



PANHANDLE PACKING AND GASKET, INC., ET AL. APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,275; HONORABLE BLAIR CHERRY, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Pending before this Court is the motion of appellees Panhandle Packing and
Gasket, Inc., et al., by which they request (1) the appeal be dismissed for want of
jurisdiction, (2) we reconsider our decision to grant appellant First United Bank's motion
to extend the time in which to file its notice of appeal, and (3) alternatively, that the appeal
be limited. We deny the first and second requests and will determine the third request
upon submission of this appeal on the merits.

 Following a jury trial, on December 16, 2003, the trial court rendered a final
judgment for $361,565.55 in favor of Panhandle Packing, et al. Three days later, on
December 19, the trial court signed an order allowing Panhandle Packing, et al., to reopen
the evidence to introduce a demand letter. Calculating from the December 19 order, First
United Bank filed a motion for new trial on January 16, 2004. However, out of an
abundance of caution if the December 16 judgment controlled the deadlines for filing post-judgment motions and for perfecting an appeal, it filed a motion to extend the time in which
to file its notice of appeal on January 28, 2004. Pursuant to Rule 26.3 of the Texas Rules
of Appellate Procedure, we granted the motion on February 11, 2004. 

 Panhandle Packing et al. contends the motion for extension of time was granted
even though a deadline for filing the notice of appeal was not provided therein and no
reasonable explanation was offered as required by Rule 10.5(b)(1)(A) & (C). They further
assert they were not afforded an opportunity to respond to the motion and request that we 
reconsider our decision to grant it, and move for dismissal of the appeal for want of
jurisdiction.

 Initially, we must determine whether the judgment of December 16 or the order of
December 19 triggers the commencement of deadlines in which to file post-judgment
motions or perfect an appeal. First United Bank filed a motion for new trial on January 16,
2004, which was denied on January 28. A motion for new trial shall be filed no later than
30 days after the judgment or order appealed from is signed. Tex. R. Civ. P. 329b(a). 
However, if a judgment is modified, corrected, or reformed in any respect, the time for
appeal shall run from the signing date of the modified, corrected, or reformed judgment. 
Tex. R. Civ. P. 329b(h). (Emphasis added).

 The trial court signed a final judgment on December 16. On December 19, it signed
an order allowing reopening of the evidence for the purpose of admitting a demand letter. 
The December 19 order did not adjudicate anything nor change the December 16
judgment "in any respect." It left the December 16 judgment undisturbed and thus, did not
modify, correct, or reform it so as to calculate deadlines for filing post-judgment motions
or perfecting an appeal from the December 19 order. See Naaman v. Grider, 126 S.W.3d
73 (Tex. 2003). First United Bank's motion for new trial was due to be filed no later than
January 15, and its filing on January 16 was untimely. 

 In its motion for extension of time in which to file its notice filed on January 30, 2004,
First United Bank conceded that if the time in which to file the notice commenced on
December 16, 2003, then the notice would have been due on January 15, 2004; however,
it points out that the filing date of January 28, 2004, was within the 15-day extension
period. See Tex. R. App. P 26.3. (1) First United Bank explained that it initially believed the
December 19 order "effectively changed" the December 16 judgment and thus, calculated
deadlines for filing post-judgment motions and for perfecting an appeal from the December
19 order. 

 Relying on Kidd v. Paxton, 1 S.W.3d 309, 312 (Tex.App.-Amarillo 1999, pet.
denied), Panhandle Packing et al. allege that First United Bank's initial calculation of
deadlines from December 19 appears intentional and deliberate and that no reasonable
explanation was offered for the need for an extension. A reasonable explanation includes,
but is not limited to, any plausible statement of circumstances indicating that failure to file
within the [required] period was not deliberate or intentional. See Garcia v. Kastner Farms,
Inc., 774 S.W.2d 668, 669-70 (Tex. 1989), citing Meshwert v. Meshwert, 549 S.W.2d 383
(Tex. 1977). Furthermore, we are instructed to construe the Rules of Appellate Procedure
"reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements
not absolutely necessary to effect the purpose of a rule." Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997). We accepted First United Bank's explanation when we granted the
motion for extension of time and remain convinced that our decision to do so was correct. 
We deny Panhandle Packing, et al.'s request to dismiss this appeal for want of jurisdiction. 

 Panhandle Packing et al. asserts it was not afforded an opportunity to respond to
the motion for extension of time. We disagree. Rule 10.3(a) of the Texas Rules of
Appellate Procedure provides that except in limited situations, a motion should not be
determined until 10 days after it is filed. Also, Rule 10.3(b) provides for reconsideration of
a motion that is prematurely determined. The motion was filed on January 30, 2004, but
was not ruled on until February 11, 2004. Further, the certificate of conference in the
motion recites that counsel for First United Bank conferred with opposing counsel and that
he indicated there would be opposition to the motion. Counsel for Panhandle Packing, et
al. had notice of the contents of the motion and could have responded anytime between
January 30 and February 11, but chose not to. We deny Panhandle Packing et al.'s
request for reconsideration. See Tex. R. App. P. 10.3(a) & (b). 

 Finally, Panhandle Packing et al. request that we limit the contentions First United
Bank may raise on appeal because it failed to preserve error on certain matters by filing
an untimely motion for new trial. First United Bank did not respond to any allegations
raised in Panhandle Packing et al.'s motion. Based on our analysis of Naaman, 126
S.W.3d at 73, Panhandle Packing et al.'s motion is well taken. See also Moritz v. Preiss,
121 S.W.3d 715, 720 (Tex. 2003) (an untimely motion for new trial is a nullity and supplies
no basis for consideration of issues on appeal which were required to be set forth in a
timely motion). However, because the motion presents a question of preservation of
complaints for appellate review pursuant to Rule 33.1(a)(1)(B) of the Texas Rules of
Appellate Procedure, we will consider that portion of the motion by which Panhandle
Packing et al. seeks to limit the issues First United Bank may raise after submission of the
appeal on the merits.

 Accordingly, Panhandle Packing and Gasket, Inc., et al.'s requests to dismiss for
want of jurisdiction and for reconsideration are denied; the request to limit the appeal will
be determined upon submission of the merits of the appeal.

 It is so ordered.

 Per Curiam

 
1. A motion for extension of time in which to file a notice of appeal must comply with,
among other requirements, Rule 10.5(b)(1)(C), which requires a reasonable explanation.



 Appellant did not request and was not granted a running objection. Neither
exception to the requirement that he object each time the allegedly inadmissible evidence
was offered is applicable. And, he did not object each time McClure's opinion was offered
and given. Assuming, without deciding, that McClure's opinion as to appellant's
intoxication was inadmissible, appellant did not preserve error as to McClure's opinion. 
See Hudson, 675 S.W.2d at 511.

 Appellant also references an opinion offered by Hernandez in his issue as
formulated by his appellate brief. He neither briefs nor offers record references to the
opinion of Hernandez in the body of his brief, however. Any contention as to Hernandez'
testimony is waived. See Alvarado v. State, 912 S.W.2d 199, 210 (Tex.Crim.App. 1995);
Billy v. State, 77 S.W.3d 427, 429 (Tex.App.--Dallas 2002, pet. ref'd). 

 Issue one is overruled. 

ISSUE TWO: FAILURE TO GRANT MISTRIAL BECAUSE 

PROSECUTOR REPRESENTED APPELLANT IN PRIOR 

MATTER USED FOR ENHANCEMENT 


 The indictment of appellant alleged, as a prior felony for enhancement, that in 1975
he had been convicted of involuntary manslaughter. Appellant and the State entered into
a written stipulation of evidence prior to trial wherein appellant admitted the truth of the
enhancement allegation. The stipulation was approved by the court. At the beginning of
the punishment phase of trial the State offered the judgment of conviction. Appellant made
no objection. He did, however, move for a mistrial and request that a special prosecutor
be appointed on the basis that the district attorney, who was prosecuting the case, had
represented appellant in the 1975 case. In making the motion for mistrial, appellant did
not specify a basis on which the motion was made, nor did he offer any evidence. The
motion was denied. 

 On appeal appellant cites TRE 503(b)(2), Holland v. State, 729 S.W.2d 366
(Tex.App.--Beaumont 1987, no pet.), and the concurring and dissenting opinion by Judge
Baird in House v. State, 947 S.W.2d 251 (Tex.Crim.App. 1997). He also mentions his right
to effective assistance of counsel pursuant to the Sixth Amendment of the federal
constitution. 

 Appellant, by failing to advise the trial court of the basis for his objection has not
preserved error. For example, although he urges on appeal that TRE 503(b)(2) might have
implications, he did not object on such basis in the trial court, nor did he claim or offer
proof that the prosecutor's participation in the trial resulted in disclosure of facts which
came to the knowledge of the prosecutor through the prior attorney-client relationship. Nor
did appellant advise the trial judge that he was objecting on the basis the prosecutor had
a conflict of interest, See Holland, 729 S.W.2d at 368, or on due process grounds
embodied in the United States and Texas Constitutions. See Ex parte Spain, 589 S.W.2d
132, 134 (Tex.Crim.App. 1979). 

 We do not imply that any of the foregoing objections would have been valid. We
mention them only to demonstrate the general nature of appellant's motion for mistrial and
its failure to advise the trial court of appellant's specific complaint. See Tex. R. App. P.
33.1(a)(1)(A).

 Appellant's argument that his federal Sixth Amendment right to effective assistance
of counsel is implicated by the prosecutor's having previously served as his counsel is not
supported by citation to authority nor is an explanation presented for the lack of citation. 
Appellants may make arguments for which there is no authority directly on point. However,
in making such arguments, appellants must ground their contentions in analogous case
law or provide a relevant jurisprudential framework for evaluating the claim. See Tong v.
State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000). That portion of his issue is waived. 

 Moreover, the general federal constitutional rule is that a defendant claiming
ineffective assistance of counsel must affirmatively prove prejudice. See Mitchell v. State,
989 S.W.2d 747, 748 (Tex.Crim.App. 1999). The only exceptions to this general rule are
"actual or constructive denial of the assistance of counsel altogether," various kinds of
"state interference" which adversely affects counsel's assistance, and when counsel "is
burdened by an actual conflict of interest" which adversely affects counsel's performance. 
In these circumstances no affirmative proof of prejudice is required because prejudice is
irrefutably presumed. Id. 

 Appellant does not present a record from which prejudice is presumed in regard to
an alleged ineffective assistance of his counsel in the present case. Nor does the record
support a conclusion that he suffered prejudice from ineffective assistance of counsel
because of the prosecutor's having previously represented him. Issue two is overruled. 

CONCLUSION

 Having overruled appellant's two issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Chief Justice




Campbell, J., concurs.




Do not publish. 

NO. 07-02-0214-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 26, 2003



______________________________


 


GUADALUPE C. MENDOZA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4432; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I do not read the court's opinion as indicating approval of a prosecuting
attorney's active participation in the prosecution of his former client. It seems to me that
such a practice almost invariably raises at least the appearance of a conflict of interest
and is to be discouraged. That said, I join in the court's opinion.

 James T. Campbell

Do not publish. Justice
1. On cross-examination McClure agreed that at the time of appellant's arrest,
McClure had not taken classes in the Standardized Field Sobriety Tests (SFST), he did
not administer the three standardized tests to appellant, and that the Brownfield PD did not
then require SFST. 
2. Further reference to a rule of evidence shall be by reference to "TRE ____."