

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00030-CR

JOHNIFER R. MUMPHREY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47651-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

A Gregg County jury convicted Johnifer R. Mumphrey of burglary of a habitation with the intent to commit assault and assessed a sentence of fifty-five years' imprisonment. In his sole issue on appeal, Mumphrey argues that the evidence is legally insufficient to support the jury's verdict. Because we disagree, we overrule Mumphrey's sole point of error and affirm the trial court's judgment.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The State's indictment charged Mumphrey with burglary of a habitation with the intent to commit assault. "A person commits an offense if, without the effective consent of the owner, the person . . . enters a habitation . . . with intent to commit . . . an assault." TEX. PENAL CODE ANN. § 30.01(a)(1). On appeal, Mumphrey challenges only whether his entry into the habitation was without the owner's effective consent.

The evidence at trial established that Mumphrey entered his girlfriend's home and assaulted her. Trevor Gesik, an officer with the Kilgore Police Department, testified that a criminal trespass warning was issued to and signed by Mumphrey before the assault, prohibiting him from appearing at his girlfriend's home. Mumphrey did not heed the warning.

The girlfriend, Patra Johnson-Hughes, testified that Mumphrey appeared at her door, uninvited. When he knocked on the door and asked to speak to her, Johnson-Hughes instructed him to speak through the closed door. Mumphrey insisted that Johnson-Hughes open the door because the matter was urgent. Johnson-Hughes testified, "I unlocked it, I opened it to crack it to hear what he had to say. And I had my right foot on the door so it wouldn't come open, but it didn't stay that way." Johnson-Hughes explained that Mumphrey "rushed in" through the door and assaulted her. She clarified that she did not invite Mumphrey inside the home and that he did not have her permission to be there. Johnson-Hughes fought back and managed to push Mumphrey out of the house. In her panicked 9-1-1 call to police, Johnson-Hughes reported to the dispatcher

that Mumphrey "broke into [her] house and hurt [her]."[1]  A recording of the telephone call was played for the jury.

Mumphrey argues that the evidence is legally insufficient because Johnson-Hughes' act of opening the door supplied effective consent permitting his entry.  We disagree.  "A person charged with burglary under Section 30.02(a)(1) is guilty of that offense the moment that he crosses the threshold of a habitation without consent and with the intent to commit the underlying felony." *Morgan v. State*, 501 S.W.3d 84, 90 (Tex. Crim. App. 2016).   Consent is defined as "assent in fact, whether express or apparent."   TEX. PENAL CODE ANN. § 1.07(a)(11) (Supp.).[2]   "The testimony of an owner that she did not give permission to enter the habitation is 'sufficient to establish the absence of effective consent.'"  *Morgan*, 501 S.W.3d at 92 (quoting *Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. [Panel Op.] 1980)).

Mumphrey was issued a criminal trespass warning forbidding him from appearing at Johnson-Hughes' home, and Johnson-Hughes testified that Mumphrey's appearance at her door was uninvited.  Although Johnson-Hughes cracked open the door to the home, her testimony that she did not consent for Mumphrey to cross the threshold of the home was sufficient to establish that Mumphrey entered the home without her effective consent.  *See Holland v. State*, 729 S.W.2d 366, 372 (Tex. App.—Beaumont 1987, no pet.) (evidence was sufficient to support burglary of a habitation conviction even though victim admitted that she opened the door to the defendant because she did not tell appellant that he could enter).  She did not initially wish to open the door

---

[1]Gesik also testified that Johnson-Hughes said she did not give Mumphrey permission to enter the home.

[2]Consent is not effective if induced by force, threat, or fraud.  TEX. PENAL CODE ANN. § 1.07(a)(19) (Supp.).

4

and placed her foot behind the door to block Mumphrey's entry. Johnson-Hughes informed police dispatch that Mumphrey had broken into her home.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that legally sufficient evidence supported the jury's finding that Mumphrey's entry was without Johnson-Hughes' effective consent.[3] Therefore, we overrule Mumphrey's sole point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 5, 2019
Date Decided:      September 6, 2019

Do Not Publish

---

[3]*See Turner v. State*, No. 13-18-00579-CR, 2019 WL 3366800, at \*5 (Tex. App.—Corpus Christi July 25, 2019, no pet. h.) (mem. op., not designated for publication) (finding that the victim of assault, who told officers that she wanted a criminal trespass warning issued against the defendant on the day before the burglary, did not give effective consent for defendant to enter her habitation even though she opened the door to his knocking); *Johnson v. State*, No. 03-96-00462-CR, 1998 WL 132937, at \*5 (Tex. App.—Austin Mar. 26, 1998, pet. ref'd) (even though owner "opened the door partway and talked to appellant," evidence of resisted entry was sufficient to establish conviction for burglary of a habitation). Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).